# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>DAN THE DOORMAN, INC., an Ohio Corporation; STEVEN J. MARSHALL, an individual; and CYNTHIA M. MENARD, an individual,<br><br>Defendants. | Civil Action File No.<br><br>1-cv-17-288 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, DAN THE DOORMAN, INC., an Ohio corporation, STEVE MARSHALL, an individual; and CYNTHIA MENARD, an individual (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the FLSA"), pursuant to Section 17 of the FLSA; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the FLSA.

## INTRODUCTION

As alleged more fully below, Defendants willfully and repeatedly violated the FLSA in operating their garage door sales and repair company. Defendants evaded their minimum wage, overtime, and recordkeeping obligations in a variety of manners. They failed to fully compensate departing workers for their final paychecks, improperly classified new employees as independent contractors, illegally calculated overtime on a biweekly basis, failed to compensate workers for pre-

and post-shift work, illegally deducted meal breaks not taken by workers, misclassified one employee as administratively exempt from overtime, and failed to properly keep records of hours worked. Except for misclassifying the one worker as exempt, all other violations repeated infractions that the company committed in 2011 and had agreed to avoid committing again. For the reasons that follow, Plaintiff seeks back wages, liquidated damages, and to enjoin Defendants from violating the FLSA again.

## DEFENDANTS

a. Defendant Dan the Doorman, Inc. ("DTD") is an Ohio corporation incorporated in 1979 engaged in the business of garage door sales, repair, and other related business. At all times hereinafter mentioned, until approximately February 24, 2017, it had a primary place of business at 958 Ohio Pike, Cincinnati, OH 45245, in Clermont County within this court's jurisdiction. It is, and at all times hereinafter mentioned was an employer within the meaning of Section 3(d) of the FLSA.

b. Defendant Steven J. Marshall ("Marshall"), an individual, resides 1945 State Route 133 Bethel, OH 45106, within this court's jurisdiction. At all times hereinafter mentioned, until approximately February 24, 2017, Marshall was an employer within the meaning of Section 3(d) of the FLSA. Marshall was a 50% shareholder of DTD, and actively supervised the day-to-day operations and management of DTD in relation to its employees, including but not limited to determining employees' compensation. Marshall acted directly or indirectly in the interest of DTD in relation to its employees. On January 11, 2012, Marshall signed a "Back Wage Compliance and Payment Agreement" with the United States Department of Labor, Wage and Hour Division agreeing to pay $9056.71 in back wages owed to 14 employees and that DTD would comply with the FLSA in the future.

c.  Defendant Cynthia M. Menard ("Menard"), an individual, resides 1945 State Route 133 Bethel, OH 45106, within this court's jurisdiction. At all times hereinafter mentioned, until approximately February 24, 2017, Menard was an employer within the meaning of Section 3(d) of the FLSA. Menard actively supervised the day-to-day operations and management of DTD in relation to its employees, including but not limited to determining employees' compensation. Menard acted directly or indirectly in the interest of DTD in relation to its employees.

# I

a.  Jurisdiction is conferred upon the Court by FLSA §§ 16(c) and 17, and 28 U.S.C. § 1345.

b.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as DTD had a primary place of business in this Judicial District and Marshall and Menard reside in this Judicial District.

# II

a.  At all times hereinafter mentioned, until approximately February 24, 2017, Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and constituted an enterprise within the meaning of Section 3(r) of the FLSA.

b.  At all times hereinafter mentioned, until approximately February 24, 2017, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

c. At all times hereinafter mentioned, until approximately February 24, 2017, Defendants employed approximately 10 employees at their previously mentioned place of business. Said employees were performing work involving or related to the movement of things among the several states or between Ohio and any place outside thereof, including but not limited to regularly and recurrently checking records of and making payments for goods shipped to the employer from outside of Ohio; processing credit card payments; loading, unloading, and installing goods moving in commerce; and crossing state lines to make deliveries. In engaging in these activities, defendants' employees were engaged in interstate commerce within the meaning of the FLSA.

### III

a. Defendants willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the FLSA by employing some of their employees in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for wages at rates less than $7.25 per hour for workweeks from January 13, 2014 through February 24, 2017. Specifically, Defendants failed to pay some employees for time worked during their final pay period before separation from DTD.

### IV

a. Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA, by employing employees who were engaged in commerce or in the production of

goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed for workweeks from January 13, 2014 through February 24, 2017. Specifically, Defendants improperly classified new employees as independent contractors, illegally calculated overtime on a biweekly basis, failed to compensate workers for pre-and post-shift work, illegally deducted meal breaks not taken by workers, and misclassified one employee as administratively exempt from overtime under Section 13(a)(1) of the FLSA. As a result, Defendants did not pay premium wages for hours worked in excess of forty hours in a workweek.

# V

a. Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the number of hours worked each week and identifying information for the workers.

# VI

a. During the period since January 13, 2014, Defendants have willfully and repeatedly violated the aforesaid provisions of the FLSA. A judgment which enjoins and restrains such

violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the FLSA is expressly authorized by Section 17 of the FLSA.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the FLSA, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

   1. pursuant to Section 16(c) of the FLSA, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

   2. pursuant to Section 17 of the FLSA, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

DATE: 5/1/2017

_____
**ADAM LUBOW (NY- 4631412)**
Attorney for Complainant
U.S. Department of Labor
1240 E. 9th St. Rm. 881
Cleveland, Ohio 44199
(216)522-3876

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

MAUREEN M. CAFFERKEY
Counsel for Wage and Hour

# EXHIBIT 1

| EMPLOYEES |
|---|
| Beahr, William Craig |
| Davidson, Dwight |
| Fowler, Richard |
| Goolsby, Darryl |
| Lanter, Travis |
| Marasco, Mark |
| Morganson, Joseph |
| Stence, John |
| Stephens, Bianca |
| Wilson, Daniel |